**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 05-341(1) (DWF/SRN) |
| Respondent-Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Jeffrey Mathew Jeanetta, | |
| Petitioner-Defendant. | |

---

Christian S. Wilton and Tracy L. Perzel, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Jeffrey Mathew Jeanetta, *Pro Se*, Defendant.

Manvir K. Atwal, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

---

This matter is before the Court upon Petitioner-Defendant Jeffrey Mathew Jeanetta's ("Petitioner-Defendant") self-styled motion requesting the Court to authorize limited discovery pursuant to Rule 27 of the Federal Rules of Civil Procedure. In Petitioner-Defendant's motion, he seeks discovery of the case files of the agencies listed in his motion, namely the Chisago County Police Department, BCA for the DNA analyzes, the Drug Enforcement [Administration] (DEA), and the United States Attorney's Office. Petitioner-Defendant states as his reason for the discovery that it is necessary in order to bring an action under 28 U.S.C. § 2255, relating to the underlying

criminal case. Petitioner-Defendant asserts that such discovery is necessary to show "inducements" that were provided to Jaymi Lund, Chris Hudella, Casey Degerstrom, Melissa Weik, Carol Mickelson, and Melissa Devries. The United States opposes the motion.

Based upon the presentations of the parties, the Court having reviewed the procedural history of the file, and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Jeffrey Jeanetta's motion for discovery pursuant to Rule 27 of the Federal Rules of Civil Procedure (Doc. No. 129) is hereby **DENIED** for the reasons stated in the Memorandum below.


Dated: July 9, 2009             s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge


**MEMORANDUM**

It may well be that the Petitioner-Defendant has brought his *pro se* self-styled motion in good faith. However, Rule 27 of the Federal Rules of Civil Procedure is designed to address the authorization of someone in Petitioner-Defendant's position to depose named individuals so that their testimony might be perpetuated. Petitioner-Defendant has not requested depositions. Rather, he is requesting document

discovery in the form of case files from multiple local, state, and federal agencies. Rule 27 does not address, and is not intended to address, such document discovery.

However, as argued by the United States, even if the Court were to assume that Rule 27 is applicable, Petitioner-Defendant has already had access to the materials he now is seeking because they were disclosed to the Office of the Federal Defender and, as it turns out, addressed with some specificity during the trial itself. The criminal file and the trial transcript will speak for themselves with respect to the extensive discovery that Petitioner-Defendant's then-appointed counsel sought and received. Those disclosures were made consistent with Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963); the *Jencks Act*, 18 U.S.C. § 3500; *Giglio v. United States*, 405 U.S. 150 (1972), and the pretrial orders entered in the criminal proceedings.

As noted by the United States in their pleadings to this Court, the trial transcript speaks for itself. Lund, Degerstrom, Weik, Hudella, and Mickelson all testified at Petitioner-Defendant's trial and explained their understanding of any promises, or the lack thereof, that had been made to them. Moreover, Lund described the details of her plea agreement's cooperation provision, including her understanding that no Section 851 enhancement would be filed and that the United States had not promised her a substantial assistance departure. Degerstrom, in turn, testified that no promises had been made to him as to whether he would be charged. Further, Degerstrom stated, under oath, that he was testifying because "it just fel[t] like the right thing to do." Weik stated that no promises had been made to her about whether she would be charged. Hudella said he was

hoping that he would not be charged. One witness, Mickelson, testified that she was offered immunity in exchange for providing truthful information, which she explained during her testimony.

In the end, as noted by the United States, Petitioner-Defendant can obtain the information he now seeks by simply requesting a copy of his file from the Office of the Federal Defender or by reviewing or re-reviewing the trial transcript itself.

The Court will provide a copy of its decision to the Chief Federal Defender, Katherian D. Roe.

For these reasons, the Court has denied Petitioner-Defendant's motion. It should be noted, however, that neither Rule 27 of the Federal Rules of Civil Procedure nor the interests of justice require the Court to rule otherwise.

D.W.F.