# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-341(1) (DWF/SRN) |
| | Civil No. 09-3534 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Jeffrey Mathew Jeanetta, | |
| Petitioner-Defendant. | |

---

Christian S. Wilton, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Jeffrey Mathew Jeanetta, *Pro Se*, Defendant.

Manvir K. Atwal, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court upon Petitioner-Defendant Jeffrey Mathew Jeanetta's ("Petitioner-Defendant") *pro se* motion, pursuant to 28 U.S.C. § 2255, for an order of this Court to vacate, set aside, or correct his sentence. On December 10, 2009, Petitioner-Defendant filed his *pro se* motion alleging eight reasons why his sentence should be vacated, set aside, or corrected. First, Petitioner-Defendant alleges that he was tried and convicted in violation of 18 U.S.C. § 3161(b)'s 30-day indictment-filing limitation period. As part of ground one, Petitioner-Defendant alleges that his trial

counsel failed to properly preserve an appeal of this issue.  Second, Petitioner-Defendant asserts he was tried and convicted in violation of 18 U.S.C. § 3161(c)(1)'s 70-day trial limitation period. As part of ground two, Petitioner-Defendant alleges that his trial counsel failed to properly preserve an appeal of this issue.  Third, Petitioner-Defendant asserts he was tried and convicted in violation of 18 U.S.C. § 3161(c)(2)'s, 30-day preclusion period.  As part of ground three, Petitioner-Defendant alleges that his trial counsel failed to properly preserve an appeal of this issue.  Fourth, Petitioner-Defendant asserts he was tried in violation of the Confrontation Clause, specifically alleging that Counts One and Two of the Superseding Indictment depended upon the asserted hearsay of an undisclosed informant and that the informant's statements were not produced to the Petitioner-Defendant to enable effective cross-examination.  As part of ground four, Petitioner-Defendant alleges that his trial counsel failed to properly preserve an appeal of this issue.  Fifth, Petitioner-Defendant asserts that the United States refused to produce the informant for which hearsay was utilized and, in so doing, precluding an assessment by the jury of the informant's credibility or the informant's "handler's" credibility.  Sixth, Petitioner-Defendant asserts he was compelled to trial without notice of the offenses upon which he was arraigned in violation of the Due Process Clause and the Sixth Amendment. Seventh, Petitioner-Defendant asserts he was tried upon an offense charging the elements pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2)  permitting only a 10-year maximum sentence, but was subjected to a mandatory minimum of 15 years pursuant to 18 U.S.C. § 924(e).  Eighth, Petitioner-Defendant asserts he was arraigned, tried, convicted, and

sentenced during a time when his counsel had a conflict of interest which deprived him of a fair trial and effective assistance of counsel in violation of his Fifth and Sixth Amendments. Grounds nine through fifteen represent Petitioner-Defendant's self-styled allegations and examples alleging ineffective assistance of counsel. The United States opposes Petitioner-Defendant's petition.

## PROCEDURAL BACKGROUND

On September 19, 2005, a state district court issued a criminal complaint in court file no. 13-CR-05-2219. At that time, the criminal complaint charged Petitioner-Defendant with a third-degree controlled substance offense.

On October 12, 2005, a federal grand jury returned a sealed indictment against Petitioner-Defendant, charging him in Count One with conspiracy to distribute and to possess with intent to distribute methamphetamine on or about a time period in September 2004 through a time period through September 16, 2005. Count One was alleged to be a violation of 21 U.S.C. §§ 841a(a)(1), 841(b)(1)(A), and 846.

On June 1, 2006, Petitioner-Defendant was arrested on warrants issued in both the state and federal cases.

On June 2, 2006, Petitioner-Defendant appeared in Chisago County District Court.

Petitioner-Defendant remained in state custody and, in fact, entered a guilty plea on July 18, 2006, to an amended felony charge in state court.

On July 19, 2006, Petitioner-Defendant made his initial appearance in federal court with a federal public defender on the federal indictment and was temporarily detained.

3

On July 21, 2006, Petitioner-Defendant was arraigned, entered a plea of not guilty, and was ordered detained.

On August 24, 2006, Petitioner-Defendant filed a number of pretrial motions, including a motion to suppress evidence seized from his residence pursuant to a search warrant.

On September 29, 2006, Petitioner-Defendant filed a pretrial motion to dismiss the indictment, alleging both a violation of his statutory and Sixth Amendment rights to a speedy trial and a delay in presentment to the magistrate judge under Rule 5(a) of the Federal Rules of Criminal Procedure. On the same day, however, which was set for the motions hearing, Petitioner-Defendant and the United States requested and were granted a continuance of the hearing.

On October 18, 2006, Magistrate Judge Susan Richard Nelson held an evidentiary hearing on the pretrial motions.

On October 30, 2006, a Report and Recommendation ("R&R") was issued in which Magistrate Judge Nelson recommended, among other things, that Petitioner-Defendant's motion to suppress evidence and his motions to dismiss the indictment be denied.

On November 7, 2006, Petitioner-Defendant filed a *pro se* motion to dismiss the indictment and again alleged violations of his right to a speedy trial.

On November 13, 2006, defense counsel filed objections to the R&R.

4

On November 20, 2006, the United States filed its response to Petitioner-Defendant's objections to the R&R.

On November 24, 2006, the United States filed a motion to continue the trial date, which was then set for December 4, 2006. The motion was based upon the necessity to complete DNA testing of two firearms and to allow presentment to the grand jury for a superseding indictment. Petitioner-Defendant objected to the motion.

On November 28, 2006, this Court issued an order adopting the R&R, denying the motion to suppress evidence, and denying the motion to dismiss the indictment.

The trial was continued to January 9, 2007, by the undersigned.

On December 20, 2006, a federal grand jury returned a superseding indictment charging Petitioner-Defendant in Count One with conspiracy to distribute and to possess with intent to distribute methamphetamine from on or about January 1, 1996 through June 1, 2006, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count Two charged Petitioner-Defendant with distribution of methamphetamine on or about September 13, 2005, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). Count Three charged Petitioner-Defendant with possession of a firearm by a felon on or before June 1, 2006, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

On January 2, 2007, Petitioner-Defendant filed additional motions in limine.

On January 3, 2007, Petitioner-Defendant filed two *pro se* motions, including a motion to dismiss the indictment, again asserting a violation of his right to a speedy trial.

On January 5, 2007, this Court entered an order declining to find a violation of Petitioner-Defendant's right to a speedy trial and denied Petitioner-Defendant's motion to suppress evidence seized from a recreational vehicle.

On January 8, 2007, pursuant to 21 U.S.C. § 851, the United States filed an information to establish that Petitioner-Defendant's prior controlled substance convictions, resulting in a potential mandatory minimum term of life imprisonment.

The jury trial commenced on January 9, 2007.

On January 17, 2007, the jury returned guilty verdicts on all counts.

On November 5, 2007, Petitioner-Defendant filed a motion for a new trial in which he alleged newly discovered evidence.

On November 27, 2007, this Court denied Petitioner-Defendant's motion for a new trial and sentenced Petitioner-Defendant to life imprisonment.

On December 3, 2007, Petitioner-Defendant filed a notice of appeal to the Eighth Circuit Court of Appeals.

On July 7, 2008, the Eighth Circuit Court of Appeals issued an opinion and affirmed this Court's judgment in all respects. Specifically, the Eighth Circuit held that:

>   (1) the two week period between controlled buy and issuance of search warrant did not render informant's information supporting search warrant presumptively stale;
>
>   (2) probable cause existed for issuance of search warrant;

(3) delay of 49 days before defendant's appearance before a magistrate judge following his arrest did not violate federal rule prohibiting unnecessary delay;

(4) 15-month delay between defendant's indictment and his trial did not violate his Sixth Amendment right to a speedy trial; and

(5) expert testimony from a police officer explaining the significance of various items seized during the search of defendant's home was admissible.

*United States v. Jeffrey Jeanetta*, 533 F.3d 651 (8th Cir. 2008).

On November 12, 2008, Petitioner-Defendant filed a petition for a writ of certiorari with the United States Supreme Court.

On December 15, 2008, the United States Supreme Court denied Petitioner-Defendant's petition.

On December 10, 2009, Petitioner-Defendant filed the petition and motion presently before the Court to vacate, set aside, or correct his sentence.

## FACTUAL BACKGROUND

In August 2005, an investigator with the Chisago County Sheriff's Office spoke with a confidential reliable informant, who was also a cooperating defendant ("CRI/CD"), who had information about Petitioner-Defendant's controlled substance trafficking. Part of the information provided related to Petitioner-Defendant's residence at 6710 - 335th Street in Stacy, Minnesota, as well as Petitioner-Defendant's involvement in "selling very large amounts of methamphetamine from his residence." The investigator,

Russell Frank,[1] was familiar with Petitioner-Defendant from two prior felony controlled substance convictions, as well as other information he had received in the previous 12 months about Petitioner-Defendant's trafficking in substantial amounts of methamphetamine.

On August 30, 2005, law enforcement arranged for the CRI/CD to purchase methamphetamine from Petitioner-Defendant. Following a search of the CRI/CD and the CRI/CD's vehicle, law enforcement provided the CRI/CD with $400 in buy money and equipped the CRI/CD with an audio recording device. Law enforcement then followed the CRI/CD to Petitioner-Defendant's residence in Stacy, Minnesota. The CRI/CD entered and eventually exited the residence. Then, after following the CRI/CD to the predetermined meet location, the CRI/CD gave law enforcement the methamphetamine purchased from Petitioner-Defendant at his Stacy, Minnesota, residence. The methamphetamine at that time weighed approximately a quarter ounce.

Subsequently, on September 16, 2005, pursuant to a search warrant signed by a state district court judge authorizing law enforcement to search Petitioner-Defendant's person, his residence in Stacy, and outbuildings at that location, the search warrant was executed.

When the search warrant was executed on the evening of September 16, 2005, Petitioner-Defendant, Melissa Weiks, Dale Sybrandt, and other individuals were at the

---

[1] Chisago County Sheriff's Office Investigator Russell Frank is of no relation to the undersigned.

residence.  Petitioner-Defendant was in possession of methamphetamine and cocaine, having a total weight of 2.7 grams and had $150 in U.S. currency on his person.  In the bedroom of Petitioner-Defendant's residence that he shared with Carol Mickelson, law enforcement officers found two bags of marijuana, two quantities of U.S. currency ($3,500 and $1,864), a package of one-hundred small Ziploc bags, a two-way radio and a police scanner, a list of local police frequencies, and a driver's license application in Petitioner-Defendant's name.  In the kitchen, law enforcement officers found night vision binoculars and a black backpack containing a scale and plastic bags.

Outside Petitioner-Defendant's residence, law enforcement observed two surveillance cameras on the detached garage.  The same officers found the monitor for the surveillance cameras, a digital scale, two glass pipes, a foosball table, and various auto parts in the adjacent pole barn.  The surveillance cameras were operational.

During the execution of the search warrant on September 16, 2005, two cars arrived.  One was occupied by Chris Hudella, and the second was driven by Carol Mickelson.  Law enforcement officers searched Hudella's vehicle and found drug paraphernalia, 2.8 grams of methamphetamine, $2,000 in U.S. currency, and drug notes.

After the execution of the search warrant, Petitioner-Defendant was arrested by the Chisago County law enforcement officials and transported to the Chisago County jail where he was interviewed on September 18, 2005.  During the interview on September 18, 2005, Petitioner-Defendant admitted that he had the methamphetamine and cocaine on his person.  When the interview was over, Petitioner-Defendant asked what he

could do to help himself. At that time, Petitioner-Defendant informed law enforcement about the multiple pounds of methamphetamine that he had been dealing, identified his sources of supply, and named the people to whom he sold methamphetamine.

Petitioner-Defendant also provided the details of his drug dealing to Drug Enforcement Administration ("DEA") Special Agent Shelley Howe.

Petitioner-Defendant went on to explain to Special Agent Howe his four sources of methamphetamine. Prior to this disclosure by Petitioner-Defendant, the DEA and Special Agent Howe were not aware of Petitioner-Defendant's four sources. Petitioner-Defendant expressed a desire to make controlled purchases from these individuals in an attempt to reduce his criminal exposure. As a result, law enforcement made arrangements for Petitioner-Defendant to begin the process of becoming a DEA confidential source, which required, pursuant to protocol, further debriefing and multiple approvals within the DEA. Ultimately, Petitioner-Defendant was approved to work with the DEA as a confidential informant. However, rather than working as a confidential informant with the DEA, Petitioner-Defendant fled.

On October 12, 2005, a federal grand jury returned an indictment against Petitioner-Defendant. At that time, two warrants were issued for his arrest, one for the instant federal indictment and one for the already pending criminal case pending in Chisago County state district court.

Petitioner-Defendant was arrested on June 1, 2006, on the state and federal arrest warrants.

10

During the trial of this matter, one of the witnesses was Carol Mickelson, who lived with Petitioner-Defendant at his residence in Stacy, Minnesota. Amongst other things, she testified that she saw him with methamphetamine in 2004 as well as watched people coming and going from the residence poll building. She also testified that following Petitioner-Defendant's arrest in September 2005, he told her that he was going to "snitch" on the individuals with whom he dealt drugs.

In addition to Carol Mickelson, the United States called Jaymi Lund, Chris Hudella (also known by the nickname Trapper), Casey Degerstrom, and Melissa Weiks, all of whom had obtained methamphetamine on numerous occasions from Petitioner-Defendant.

The jury returned guilty verdicts on all counts.

## DISCUSSION

### A. Ineffective Assistance of Counsel.

Petitioner-Defendant, as the Court has already noted above, has moved the Court to vacate or reduce his sentence, asserting that his counsel was ineffective at all stages, arguably, in at least eight different ways, as set forth in his § 2255 petition. The record does not support Petitioner-Defendant's assertions. In fact, the transcripts of all proceedings belie the notion that Petitioner-Defendant received ineffective assistance of counsel. None of the claims raised by Petitioner-Defendant rise to the level of an error under the first prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner-Defendant has clearly failed to meet the burden necessary to

demonstrate his ineffective assistance of counsel claims. Even if the Court were to assume that one or more of the claims raised in Petitioner-Defendant's motion rise to the level of deficient performance by his counsel, the motion would still fail because Petitioner-Defendant has not satisfied the second prong of the *Strickland* test, namely, that the error resulted in actual prejudice to Petitioner-Defendant.

**B.     Individual Assertions of Petitioner-Defendant of Ineffective Assistance of Counsel.**

As the Court has already noted above, Petitioner-Defendant has not satisfied either prong of the *Strickland* test, but the Court will nonetheless address each allegation in turn.

**1.     Speedy Trial Act.**

As aptly noted by the United States in its brief to the Court, when Petitioner-Defendant asserts that because the superseding indictment was not filed within 30 days of his arrest, it must be dismissed, Petitioner-Defendant misunderstands 18 U.S.C. § 3161(b). It only applies in situations where a defendant is charged by complaint and is not formally charged by information (with his consent) or by return of a grand jury indictment within 30 days of his arrest on the complaint or service of a summons. *See* 18 U.S.C. § 3162(a)(1).

Petitioner-Defendant was never charged by complaint, was indicted before he was arrested, and thus the provisions of 18 U.S.C. §§ 3161(b) and 3162(a)(1) are inapplicable.

Petitioner-Defendant makes a separate speedy trial assertion when he asserts that, pursuant to 18 U.S.C. § 3161(c)(1), that he was not tried within the 70-day "clock."

Petitioner-Defendant was in fact tried within "70 days of the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever occur[ed] last." 18 U.S.C. § 3161(c)(1) (emphasis added). When the applicable time is properly excluded from the 70-day period in question, pursuant to 18 U.S.C. § 3161(h), it is clear that less than 10 days elapsed on the 70-day "clock" when Petitioner-Defendant began trial on January 9, 2007.[2] Consequently, Petitioner-Defendant was properly tried within the Speedy Trial Act 70-day period and any motion made by a defense lawyer, claiming to the contrary, would have been denied.

Petitioner-Defendant also asserts that he should not have been tried 19 days after the return of the superseding indictment–December 20, 2006–and, consequently, that this was a separate violation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(c)(2).

Again, it is the Court's view that Petitioner-Defendant misunderstands the application of 18 U.S.C. § 3161(c)(2). The specific statutory language provides only for at least 30 days between the defendant's first appearance and the trial. 18 U.S.C. § 3161(c)(2). The statute does not provide, however, for a 30-day continuance of the trial from the date of filing of a superseding indictment. The record in this case establishes that Petitioner-Defendant first appeared, through counsel, on July 19, 2006, which was more than five months before his trial began on January 9, 2007, and well beyond the

---

[2] The Court agrees with the chart that the United States prepared, found on page 21 of their responsive brief.

30-day preclusion period specified by 18 U.S.C. § 3161(c)(2). Consequently, Petitioner-Defendant's motion, pursuant to 18 U.S.C. § 3161(c)(2), is without legal merit. Filing a motion would not have changed the procedural history and result in this case.

### 2. August 30, 2006 controlled substance transaction: Informant issue.

The record establishes, contrary to Petitioner-Defendant's assertions, that his counsel moved forward and received disclosure concerning the informant, but could not force the United States to call the informant, given the fact that the testimony of the investigating officers did not violate the Confrontation Clause as asserted by Petitioner-Defendant. As noted by the United States in its responsive memorandum, Petitioner-Defendant's assertion with respect to the disclosure issue concerning the informant are belied by the record before the Court. What the record does establish is that defense counsel knew about the informant, who the informant was, and received extensive discovery about the informant prior to the trial commencing. In the Court's view, based upon all of the circumstances and the facts established by the record, there is nothing related to the disclosure issue that prejudiced Petitioner-Defendant or that would otherwise have changed the evidence presented at trial or the outcome of the case.

However, notwithstanding the record before the Court, Petitioner-Defendant also asserts that his trial counsel should have required the informant to testify at trial alleging that counsel should have objected pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004), to the testimony and, in so doing, forcing the United States to call the informant. There was no *Crawford* violation. The United States offered the testimony concerning

14

the controlled buy and the events surrounding it through the investigator who both handled the informant and who also conducted surveillance during the controlled buy in Chisago County. The second officer involved in the surveillance from the Minnesota Bureau of Criminal Apprehension, Special Agent Doug Henning, also testified with respect to his involvement with the informant. Each law enforcement officer, in substantial part, on direct examination, testified regarding their actions and observations in arranging the controlled transaction, conducting surveillance during that transaction, and handling the informant and the methamphetamine after the transaction. Their testimony was not received in violation of *Crawford*. *See also United States v. Spencer*, 592 F.3d 866, 878 (8th Cir. 2010). Finally, with respect to the ineffective assistance of counsel claim as it relates to a confrontation violation with respect to the informant, careful scrutiny of the nature of the cross-examination by defense counsel contradicts the notion that Petitioner-Defendant's trial counsel was ineffective.

### 3. Joinder of charges for trial.

Petitioner-Defendant also asserts that his trial counsel should have moved to sever the firearms charge from the drug charges for at least two reasons. First, Petitioner-Defendant asserts that he was not on notice that the firearms charge included possession or use of a firearm during a drug offense, and second, the indictment failed to allege the elements required to invoke a 15-year mandatory minimum sentence.

First of all, the record entirely belies Petitioner-Defendant's allegation relating to the firearm charge to the extent that it did not involve possession or use of a firearm

15

during a controlled substance offense. Relatedly, the record before the Court contradicts the notion that there was confusion between the firearms charge and the controlled substance offenses.

Petitioner-Defendant's trial counsel was not ineffective and, in the Court's view, based upon the record before it, there is nothing that his trial counsel could have done that would have resulted in the severance of these offenses. In the Court's view, there was no confusion during the course of trial and, consequently, no unfair prejudice to Petitioner-Defendant.

### 4. The indictment and the applicable mandatory minimum.

Petitioner-Defendant also asserts that he was wrongfully sentenced to a mandatory minimum term of 15 years because the elements that would invoke the mandatory minimum sentence of 15 years were not charged in the indictment. To the contrary, the indictment is clear in charging Petitioner-Defendant with the offense of being a felon in possession of a firearm, where the felon has three prior convictions for serious drug offenses or violent felonies. The superseding indictment expressly identified the statutory subdivision establishing the 15-year mandatory minimum, namely, 18 U.S.C. § 925(e), as well as Petitioner-Defendant's three prior qualifying felony convictions.

Again, the record establishes there is nothing that defense counsel could have done that would have resulted in the receipt of a 10-year mandatory minimum term because there was no defect in the indictment, based upon the record before the Court and the specific language of the indictment itself.

## 5. Alleged conflict of interest.

Petitioner-Defendant asserts that his trial counsel had a conflict of interest throughout the proceeding that rendered counsel's performance ineffective.

Of course, as noted earlier, the Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quotation omitted). This right "embraces the right to conflict-free counsel." *Dawan v. Lockhart*, 31 F.3d 718, 720-21 (8th Cir. 1994). However, when making such an allegation, a defendant in Petitioner-Defendant's position must show an actual conflict of interest that adversely affected his attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).

Petitioner-Defendant has failed to show an actual conflict, or even the appearance of a conflict, and the record belies any conduct on the part of trial counsel that adversely affected trial counsel's performance at trial in any way that would have adversely affected Petitioner-Defendant.

Importantly, the issue of conflict did not arise until this Court had imposed a sentence in the case. After the sentence was imposed, but prior to an appeal being filed, given the seriousness of the case and the sentence imposed, because of the allegations that Petitioner-Defendant was making regarding how his rights had been violated throughout the case at a time when he was represented by a lawyer from the Federal Defender's Office, trial counsel, also from the Federal Defender's Office, concluded appropriately, from the Court's point of view, that she should not represent Petitioner-Defendant on

17

appeal. The record speaks for itself. There was no conflict prior to the sentencing in this case. In fact, the Court would suggest that confirmation of the fact that trial counsel made the proper decision not to prepare the appeal brief, are the numerous grounds that Petitioner-Defendant has now alleged why she was ineffective throughout the course of the case.

**C.     EVIDENTIARY HEARING.**

The Court also concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if: (1) petitioner's allegations, if accepted as true, would not entitle petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998). Applying that standard to the allegations of Petitioner-Defendant and the record before the Court, the Court concludes that no evidentiary hearing is required in this case. Moreover, the interests of justice will not be served by granting the motions of Petitioner-Defendant.

Petitioner-Defendant received a fair trial from a fair and impartial jury and was represented by a highly competent defense lawyer at all stages of his case. The record in this case belies any suggestion to the contrary.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006; Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether issuance of a certificate of appealability ("COA") is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and extensive submissions of the parties, the Court having carefully reviewed the record in this matter, including its procedural history, and the Court being otherwise duly advised in the premises, the Court here enters the following:

**ORDER**

1.	Petitioner-Defendant Jeffrey Mathew Jeanetta's motion to vacate, set aside, or correct his sentence, alleging ineffective assistance of counsel, is hereby **DENIED**.

2.	Petitioner-Defendant Jeffrey Mathew Jeanetta's motion and request for an evidentiary hearing is **DENIED**.

3.	Petitioner-Defendant Jeffrey Mathew Jeanetta's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.

4.	No Certificate of Appealability will be issued to Petitioner-Defendant Jeffrey Mathew Jeanetta.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 7, 2010	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge