# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-341 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Jeffrey Mathew Jeanetta, | |
| Defendant. | |

Manvir K. Atwal, Office of the Federal Defender, counsel for Defendant Jeffrey Mathew Jeanetta.

Katharine T. Buzicky, United States Attorney's Office, counsel for the United States.

## INTRODUCTION

This matter is before the Court on Defendant Jeffrey Mathew Jeanetta's Motion for Reduction of Sentence and Motion for Appointment of Counsel. (Doc. Nos. 178, 179).[1] For the reasons discussed below, the Court grants Jeanetta's motion for reduction in sentence.[2]

---

[1] These two motions are the same and are fully contained at Doc. Nos. 178-5 and 179-4. The only difference between the filings is Doc. No. 178-1, a June 15, 2020 administrative request from Jeanetta to the warden for compassionate release.

[2] Jeanetta has been represented by counsel since shortly after his initial filing, (Doc. No. 181), but it appears the Court never officially appointed counsel. Therefore, to the extent Jeanetta's motion seeks appointment of counsel, it is granted.

## BACKGROUND

In August 2005, a confidential informant for state investigators connected Jeanetta to drug trafficking—selling between two to four pounds of methamphetamine per week out of his residence. *United States v. Jeanetta*, 533 F.3d 651, 653 (8th Cir. 2008). Investigators used the informant to conduct a controlled buy of one-quarter ounce of methamphetamine at Jeanetta's residence, then used that information to secure a search warrant. *Id.* The search uncovered

> a modest amount of methamphetamine, cocaine and marijuana; $5,364 cash; scales; Ziploc bags; a two-way police radio and scanner; a list of police frequencies; night vision binoculars, surveillance cameras on a detached garage with a video monitor hooked up to the cameras; glass pipes for smoking drugs; and miscellaneous drug paraphernalia.

*Id.* An individual drove up during the execution of the warrant and his vehicle contained methamphetamine, drug paraphernalia, drug notes, and $2,000 cash. *Id.* Jeanetta was arrested and ultimately agreed to cooperate with the Drug Enforcement Agency. *Id.* Before Jeanetta could begin making controlled buys, he absconded. *Id.* Jeanetta was indicted on October 12, 2005 and taken into custody eight months later and two handguns were discovered in his RV. *Id.*

Jeanetta was convicted by a jury on January 17, 2007 of conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (finding 18 pounds) in violation of of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; distribution of 87.32 grams of methamphetamine in violation of of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and possession of a firearm by a felon in violation of of 18 U.S.C. §§ 922(g)(1), 924(a)(2),

2

and 924(e).  (Doc. Nos. 90, 92, 57.)  Jeanetta was sentenced on November 14, 2007 to life imprisonment on the two drug convictions and 360 months' imprisonment on the firearm conviction, with all sentences to be served concurrently.  (Doc. Nos. 111, 112.)  Jeanetta was also sentenced to 10 years' supervised release on the drug convictions and 5 years' supervised release on the firearm conviction, with the terms to run concurrently.  (Doc. Nos. 111, 112.)  Jeanetta's convictions were affirmed on appeal.  *Jeanetta*, 533 F.3d at 658.[3]

On January 17, 2017, Jeanetta received a commutation of sentence from President Barack Obama, commuting Jeanetta's sentence to 300 months' imprisonment.  (Doc. No. 177 at 4.)  The terms of supervised release and all other conditions of the sentence were unaffected.  (*Id.*)

Jeanetta is currently incarcerated at McCreary USP in Pine Knot, Kentucky.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Nov. 24, 2020).  Jeanetta has an expected release date of September 16, 2027.  *Id.*  Presently, McCreary USP has 6 COVID-19 positive inmates, 8 positive staff, zero inmate or staff deaths, 38 recovered inmates, and 11 recovered staff.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Nov. 24, 2020).

---

[3]    Jeanetta thereafter sought various forms of postconviction relief, all of which have been denied.  *United States v. Jeanetta*, Doc. No. 150, 2010 WL 3546514, at *1 (D. Minn. Sept. 7, 2010); *United States v. Jeanetta*, Doc. No. 165, 2012 WL 13123735, at *1 (D. Minn. Apr. 13, 2012); *United States v. Jeanetta*, Doc. No. 175, 2014 WL 12852868, at *1 (D. Minn. Mar. 13, 2014).

BOP statistics state that McCreary USP has tested, to date, 524 inmates for COVID-19, with 43 of those inmates testing positive and 55 test results remain outstanding. *Id.*

Jeanetta moves for compassionate release on the grounds that he is 65 years old and suffers from diabetes, hypertension, and other ailments, placing him at high risk for serious complications should he contract the COVID-19 virus. The Government agrees Jeanetta's health condition constitutes a medical concern, but argues Jeanetta does not qualify for compassionate release because he poses a significant danger to the safety of the community. The U.S. Probation Office investigated and approved Jeanetta's proposed living arrangement should he be released. (Doc. No. 183.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13, cmt. n.1(a)(ii). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Jeanetta is a 65-year-old suffering from diabetes, hypertension, high cholesterol, and recurrent back pain. Diabetes places persons at increased risk of severe illness should they contract COVID-19. Centers for Disease Control and Prevention,

4

Coronavirus Disease 2019 (COVID-19):  People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Nov. 24, 2020).  Persons with hypertension might be at increased risk for severe illness should they contract COVID-19.  *Id.*  As the Government concedes, Jeanetta's diabetes during the COVID-19 pandemic constitutes a serious medical condition that substantially diminishes his ability for self-care in the prison context.  The Court further concludes that Jeanetta's diabetes, advanced age, and hypertension place him at even greater risk for severe illness from the COVID-19 virus than his diabetes alone.  Jeanetta's combination of ailments and age are a serious medical condition in light of the COVID-19 pandemic that constitute an extraordinary and compelling reason meriting a reduction in sentence.

The Court must next consider whether the general sentencing factors in § 3553(a) likewise warrant a reduction in sentence.  Jeanetta was convicted for serious crimes involving a tremendous quantity of drugs.  But Jeanetta's crimes stemmed from his exacerbating battles with addiction.  Jeanetta is now a different man than when he was sentenced in 2005.  Jeanetta is 65 years old, having served the last 14 years in prison.  Jeanetta is sober due to that lengthy incarceration.  Jeanetta has the support of his immediate and extended family awaiting his release, both to help him combat his addiction and safely navigate the COVID-19 pandemic.  Jeanetta does not pose the same risk now as he did when sentenced.  The Court does not discount the Government's concerns about Jeanetta's addiction history and the attendant crimes; Jeanetta has surmounted his addiction to date, but his battle is far from complete.  To that end, the

Court finds that the safety of the community can be served by converting Jeanetta's remaining sentence to a term of supervised release. 18 U.S.C. § 3582(c)(1)(A) (the Court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment"). This means that Jeanetta will serve approximately the next 17 years of his life in supervised release. This structure can serve as the foundation upon which Jeanetta can prove to himself, his family, and the community that he is not a danger or burden to society. Accordingly, the Court concludes that the § 3553(a) factors warrant a conversion of Jeanetta's remaining term of imprisonment into a term of supervised release.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Jeffrey Mathew Jeanetta's Motion for Appointment of Counsel (Doc. No. [179]) is **GRANTED**;

2. Defendant Jeffrey Mathew Jeanetta's Motion for Reduction of Sentence (Doc. No. [178]) is **GRANTED**. The remainder of Defendant Jeffrey Mathew Jeanetta 300-month term of imprisonment is converted into a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A). The converted term of supervised release shall be served under the same terms and conditions of the original term of supervised release as set forth in the Judgment. (Doc. No. 112.)

3.      After the conclusion of Jeanetta's converted term of supervised release in the preceding paragraph, Jeanetta shall serve the full term of supervised release and its terms and conditions as set forth in the Judgment (Doc. No. 112).

4.      The Court directs the Bureau of Prisons to immediately commence the process of releasing Jeanetta from custody, and to release him as soon as his medical condition permits.  To ensure Jeanetta's health and safety upon release, the Court authorizes Jeanetta's release from BOP custody as soon as the release plan is implemented, travel arrangements can be made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed.  The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether any quarantine is served in Bureau of Prisons custody, a Residential Reentry Center, or in the community.

Dated:  December 3, 2020                    s/Donovan W. Frank
                                                                        DONOVAN W. FRANK
                                                                        United States District Judge